FILED
Sep 03, 2020
01:54 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| TERETHA RODGERS, | ) | Docket No. 2019-06-1998 |
| **Employee,** | ) | |
| v. | ) | |
| HBC d/b/a SAKS FIFTH AVENUE, | ) | State File No. 100976-2019 |
| **Employer,** | ) | |
| and | ) | |
| SAFETY NATIONAL CASUALTY | ) | Judge Joshua Davis Baker |
| CORP., | ) | |
| **Carrier.** | ) | |

_____

## COMPENSATION ORDER
## GRANTING SUMMARY JUDGMENT

_____

This case came before the Court on August 31, 2020, on HBC's Motion for Summary Judgment. HBC argued the Court should grant summary judgment because Ms. Rodgers cannot prove medical causation, an essential element of her claim. The Court agrees and grants HBC's motion for summary judgment because she failed to prove that essential element of her claim.

## Claim History

Ms. Rodgers alleged an injury from climbing ladders and kneeling while working as a warehouse order picker for HBC. She sought medical treatment from Dr. Blake Garside, who surgically repaired a right lateral meniscus tear but never identified the primary cause of her knee injury. In a May 28, 2020 expedited hearing order, the Court denied benefits because Ms. Rodgers failed to present expert medical evidence to prove she would likely prevail at trial.

1

## Findings of Fact and Conclusions of Law

HBC argued Ms. Rodgers cannot prove medical causation for her injury, which is an essential element of her claim. Because she cannot prove an essential element of her claim, HBC asserted there are no genuine issues of material fact that require trial and asked that the Court grant summary judgment. The Court agrees with HBC.

When a party who does not bear the burden of proof at trial—HBC in this case—files a motion for summary judgment, it must do one of two things to prevail: (1) submit affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrate that the nonmoving party's evidence—Ms. Rodgers's evidence here—is insufficient to establish an essential element of the claim. Tenn. Code Ann. § 20-16-101 (2019); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

HBC established that Dr. Garside did not causally relate Ms. Rodgers's knee problems to her employment. Thus, HBC demonstrated that Ms. Rodgers cannot establish medical causation, an essential element of her claim.

Because HBC demonstrated Ms. Rodgers cannot establish medical causation based on the current evidence, the burden shifted to Ms. Rodgers to show evidence establishing medical causation. To do so, Ms. Rodgers needed to produce some evidence—affidavits pleadings, depositions, responses to interrogatories, or admissions—showing a link between her knee problems and her work. *See* Tenn. R. Civ. P. 56.06.

To meet this burden, Ms. Rodgers needed a physician's opinion stating "to a reasonable degree of medical certainty" that the work injury "contributed more than fifty percent (50%) in causing . . . the need for medical treatment, considering all causes." *See* Tenn. Code Ann. § 50-6-102(14)(C) and (D). If she failed to provide a physician's opinion meeting this standard, "summary judgment, if appropriate, shall be entered against" her. Tenn. R. Civ. P. 56.06. Ms. Rodgers provided no physician's opinion, as she failed to respond to HBC's motion.[1] Accordingly, the Court holds HBC is entitled to a judgment as a matter of law, and the motion is granted.

**IT IS ORDERED** as follows:

1. Ms. Rodgers's claim for workers' compensation benefits is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final thirty days after issuance.

---

[1] Also, if no response to a dispositive motion is filed, the Court considers the motion unopposed. Tenn. Comp. R. & Regs. 0800-02-21-.18 (2)(b) (August 2019).

3. The filing fee of $150.00 is taxed to HBC under Tennessee Compilation Rules and Regulations 0800-02-21-.07, to be paid to the Court Clerk, and for which execution might issue as necessary.

4. HBC shall prepare and file the SD-2 with the Court Clerk within ten days of this order becoming final.

**ENTERED September 3, 2020.**

_____

**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on September 3, 2020.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|---------|-----|-------|------------------|
| Teretha Rodgers, Employee | | | X | Tarodgers5510@gmail.com |
| Catheryne Grant, Employer's Attorney | | | X | catherynelgrant@feeneymurray.com Jessica@feeneymurray.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov

3



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____


_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____     ☐ Employer ☐ Employee

Address: _____     Phone: _____

Email: _____

Attorney's Name: _____     BPR#: _____

Attorney's Email: _____     Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*